_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02100-FWS-AS                                    Date: February 13, 2025
Title: Coen McGarity v. Experian Information Solutions, Inc.

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                    Attorneys Present for Defendants:

Not Present                                                         Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER [10]**

In this case, Plaintiff Coen McGarity ("Plaintiff"), proceeding *pro se*, alleges two claims under the Fair Credit Reporting Act against Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian"). (*See generally* Dkt. 1-2 (Complaint).) On October 10, 2024, the court issued an Order Setting Scheduling Conference under Federal Rule of Civil Procedure 26(f) ("Rule 26(f)"). (Dkt. 8.) Under that Order, the parties were required to file a joint report under Rule 26(f) no later than 14 days before the Scheduling Conference, making the joint report due in this case on or before January 2, 2025. (*Id.* at 2.) However, on January 2, 2025, instead of the required joint report under Rule 26(f), Defendant "unilaterally" filed a report under Rule 26(f) because "[d]espite repeated attempts to make contact with the Plaintiff, the last time Experian has received any communication from Plaintiff was October 8, 2024." (Dkt. 8 at 1.) In Defendant's report, Defendant requested "this case be dismissed for lack of prosecution per Fed. R. Civ. P. 41(b) and/or failure of pro se Plaintiff . . . to keep this Court apprised of his current address per L.R. 41-6." (*Id.*)

On January 3, 2025, the court issued an Order to Show Cause regarding Dismissal for Lack of Prosecution ("OSC"). (Dkt. 10.) In the OSC, the court reminded Plaintiff that it is their "responsibility to move a case towards a merits disposition" and ensure that they comply

_____
**CIVIL MINUTES – GENERAL**                                                                                              1

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-02100-FWS-AS | Date: February 13, 2025 |
| Title: Coen McGarity v. Experian Information Solutions, Inc. | |

with Rule 26(f). (Dkt. 10 at 1.) The court ordered Plaintiff "to show cause in writing no later than **January 24, 2025**, why this action should not be dismissed for lack of prosecution for failure to file a joint report under Rule 26(f)." (*Id.*) Further, the court clearly stated that "[f]ailure to file a timely and appropriate response to this Order may result in dismissal without further notice or order from the court," citing authority regarding courts' power to dismiss actions with prejudice for lack of prosecution. (*Id.*) Now, two and a half weeks after the deadline to respond to the OSC, Plaintiff has filed nothing. (*See generally* Dkt.)

It is axiomatic that district courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

In this case, the court finds these factors support dismissal due to Plaintiff's failure to prosecute the case and comply with the court's OSC. As to the first factor, "[t]he public's interest in expeditious resolution of litigation *always* favors dismissal." *Id.* at 642. The second factor also favors dismissal because "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Id*. A Rule 26(f) report is "essential to the prosecution of [a] lawsuit," and when parties fail to file them, they are able "to control the pace of the docket rather than the Court." *Glair v. City of Los Angeles*, 2014 WL 12933137, at *4 (C.D. Cal. Feb. 19, 2014) (refusing to discharge order to show cause for lack of prosecution when the plaintiff "has still not arranged to file a Rule 26(f) report); *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (finding that this factor favored dismissal when the plaintiffs had 60 days to file an amended complaint and instead tardily filed a motion for clarification). The court finds the third factor weighs in favor of dismissal because Plaintiff's failure to cooperate in filing a joint report under Rule 26(f) impairs Defendant's

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-02100-FWS-AS | Date: February 13, 2025 |
| Title: Coen McGarity v. Experian Information Solutions, Inc. | |

ability to proceed to trial in this case. *See Pagtalunan*, 291 F.3d at 642 ("To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case.").

As to the fourth factor, the court has attempted less drastic alternatives, but they have been unsuccessful. In its January 3, 2025, order, the court ordered "Plaintiff to show cause in writing no later than **January 24, 2025**, why this action should not be dismissed for lack of prosecution for failure to a file a **joint** report under Rule 26(f)." (Dkt. 10 at 1.) The court also stated in its January 3, 2025, order that "[a]s an alternative to a written response by Plaintiff, the Court will consider an appropriate response to this OSC the filing of the parties' **joint** report under Rule 26(f) on or before the above date." (*Id.*) The court further stated that "[f]ailure to file a timely and appropriate response to this Order may result in dismissal without further notice or order from the court." (*Id.*) Plaintiff has provided no response to the OSC. (*See generally* Dkt.) Therefore, because the court provided Plaintiff with viable, less drastic alternatives, the court concludes the fourth factor weighs in favor of dismissal. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992) ("Here the fact that the district court first allowed Ferdik an additional thirty days in which to amend his complaint to bring it into compliance with Rule 10(a), constituted an attempt at a less drastic sanction to that of outright dismissal."); *see also id.* ("[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."); *Alliant Credit Union v. Vessel EAGLE REST*, 2010 WL 3746727, at *2 (N.D. Cal. Sept. 20, 2010) ("The Court's prior order warned Plaintiff that the failure to file an amended complaint or a notice of voluntary dismissal would result in the dismissal of the action.").

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-02100-FWS-AS | Date: February 13, 2025 |
| Title: Coen McGarity v. Experian Information Solutions, Inc. | |

Regarding the fifth factor, the public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims." *Ewing v. Ruano*, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012). Indeed, "it is the plaintiff's responsibility to move a case toward a merits disposition." *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)). Therefore, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted). In addition, the Ninth Circuit has held that dismissal serves the public interest "when a plaintiff's noncompliance has caused the action to come to a halt." *Id*. at 1234. In this case, the court finds Plaintiff's failure to correspond with Defendant, file a Rule 26(f) report, and respond to the court's OSC by the court's deadlines has brought this case to a halt and undermines the strength of the public policy favoring disposition on the merits. Accordingly, the court finds the fifth factor is neutral towards the issue of dismissal.

In summary, on balance, the court finds the relevant factors weigh in favor of dismissal. *Cf. Ferdik*, 963 F.2d 1258, 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here."); *Yong Koo v. Portillo*, 2020 WL 10313717, at *1 (C.D. Cal. Jan. 21, 2020) (dismissing action with prejudice for lack of prosecution and failure to comply with court orders when the plaintiff failed to file a motion for default judgment by court's deadline); *Kyu Hwa Back v. Jose Gonzalez*, 2020 WL 4018813, at *2 (C.D. Cal. Feb. 18, 2020) (dismissing case without prejudice for same); *Jong Ja Kim v. Reggie's Enterprises, Inc.*, 2019 WL 8017786, at *1 (C.D. Cal. Nov. 4, 2019) (same). Accordingly, based on the state of the record, as applied to the applicable law, the above-captioned case is **DISMISSED WITHOUT PREJUDICE** for lack of prosecution and for failure to comply with the court's OSC.

_____